UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LOMBARDI AVENUE WATERPARK, LLC,

      Plaintiff,

  v.                                      Case No. 08-C-32

D&C HOSPITALITY INVESTMENTS, LLC,
d/b/a HREC INVESTMENT ADVISORS AKA
HOSPITALITY REAL ESTATE
COUNSELORS,

      Defendant.

---

**ORDER**

---

      Lombardi Avenue Waterpark, LLC ("Lombardi") commenced this action in state court, alleging that Defendant D&C Hospitality Investments, LLC ("HREC") is not entitled to a brokerage fee in connection with the sale of a resort and waterpark known as "the Tundra." HREC removed the case to federal court based on the diverse citizenship of the parties. HREC has now filed a motion requesting that the court stay this judicial action pending arbitration pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1-16, in accordance with an arbitration clause found within the parties agreement concerning brokerage services and fees (the "Letter Agreement"). Lombardi opposes the motion, alleging that the Letter Agreement "is void and unenforceable, and therefore, the arbitration provision is also void and unenforceable." (Br. Opp. 1.) HREC argues, however, that because Lombardi is challenging the validity of the parties' contract generally, rather than the validity of the arbitration clause specifically, the validity of the contract must be determined through arbitration. (Reply 3.) I agree.

The FAA requires that the court stay litigation upon the application of one of the parties if any issue involved in a suit is referable to arbitration. *See* 9 U.S.C. § 3.[1] In this case, Lombardi does not dispute that on or about May 10, 2006, the parties entered into the Letter Agreement, which contained an arbitration provision stating that,

> This Agreement shall be governed, construed and enforced in accordance with the laws of the State of Wisconsin. Any disputes or claims in law or equity arising out of this contract or any resulting transaction shall be decided by neutral binding arbitration in Wisconsin by an arbitrator, in accordance with the rules of the Institute for Conflict Management, and not by court action except as provided by the State of Wisconsin law for judicial review of arbitration proceedings. Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. . . . If any provision of this Agreement may be construed to violate or contravene any applicable laws, then such provision shall be deemed to not be a part of this Agreement and the remaining terms of this Agreement shall remain in full force and effect. This section shall survive the expiration or termination of this Agreement.

Complaint, Ex. A. Nor does Lombardi assert that this provision is not broad enough to cover the dispute at issue in this case. Rather, it claims that the entire Letter Agreement became void and unenforceable as of December 30, 2006, because the Wisconsin real estate broker license held by Andrew Broad, who signed the agreement on behalf of HREC, expired on that date. (Br. Opp. 2, 10.)[2] Thus, it claims, the arbitration clause within the agreement is also void and unenforceable.

However, as the Supreme Court recently reaffirmed in *Buckeye Check Cashing, Inc. v. Cardegna*,

---

[1] The FAA provides that:
[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.
9 U.S.C. § 3.

[2] Lombardi claims that under Wisconsin law, if a broker under a brokerage agreement is unlicensed at the time a cause of action arises under the agreement, the agreement is void. (Br. Opp. 5.)

"a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." 546 U.S. 440, 449 (2006) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967). Lombardi has raised no challenge to the validity of the arbitration clause specifically, only to the validity of the Letter Agreement as a whole. Therefore, HREC's motion to stay is granted, and this action is hereby stayed pending the outcome of arbitration. The clerk of the court is directed to mark this action closed for statistical purposes. Furthermore, the parties are ordered to notify this court in writing of the resolution of the arbitration when one has been reached. Within thirty-days following a final decision in the arbitration proceedings, any party may move to have this cause of action restored to the court's trial docket. If no such motion is filed within the specified time frame, the case will be dismissed with prejudice.

**SO ORDERED** this 22nd day of February, 2008.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge